OPINION.
{¶ 1} This appeal arises from the judgment of the Union County Court of Common Pleas. In this case, the defendant-appellant, Dustin Lemaster, plead guilty and was convicted of grand theft of a motor vehicle in violation of R.C. 2907.03, a felony of the fourth degree. The trial court ordered Lemaster to be placed on community control for a period of three years. It is from this judgment that Lemaster appeals.
 {¶ 2} On November 22, 2002, Lemaster pleaded guilty to grand theft of a motor vehicle in violation of R.C. 2907.03, a felony of the fourth degree. Lemaster appeared for sentencing on January 15, 2003, wherein the trial court ordered him to be placed on community control for a period of three years. The trial court imposed several community control sanctions on Lemaster. For example, Lemaster was ordered to (1) pay costs, (2) to be tested for drugs and alcohol and to participate in counseling, (3) to perform 200 hours of community service, (4) to pay a fine of $1,000, and (5) to serve sixty (60) days in Tri-County Jail, work release approved, and to pay booking fees in and out.
 {¶ 3} Lemaster now brings this appeal challenging the sentence imposed upon him by the trial court and asserts the following three assignments of error for our review. We have combined the appellant's assignments of error as they involve similar issues.
 ASSIGNMENT OF ERROR NO. I {¶ 4} The sentence should be vacated because the trial court erred when it failed to support its sentencing of the defendant by its findings in accordance with State v. Martin, [136 Ohio App.3d 355].
 ASSIGNMENT OF ERROR NO. II {¶ 5} The trial court erred when the record does not support the sentence by clear and convincing evidence in accordance with R.C.2953.08(G)(1).
 ASSIGNMENT OF ERROR NO. III {¶ 6} The trial court erred when it failed to adhere to the statutory scheme as set forth in R.C. 2929.13, when it found that the defendant was amenable to community control and then sentenced the defendant to both community control and a jail sentence.
 {¶ 7} A trial court is required to make various findings before it can properly impose a felony sentence.[1] In fact, the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.13, 2929.14, and 2929.19, in effect, determine a particular sentence, and a sentence unsupported by these findings is both incomplete and invalid.[2]
Specific to the case at bar, if upon review an appellate court clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.13(B) or that the sentence is otherwise contrary to law, R.C. 2953.08(G)(1) and (2) authorizes an appellate court to increase, reduce, or otherwise modify, or vacate the sentence and remand the matter to the trial court for re-sentencing. However, a trial court, as the finder of fact, is afforded certain discretion if it complies with the applicable statutory guidelines.
 {¶ 8} Throughout his appellate brief, Lemaster argues that the trial court erred by failing to make the correct findings on the record to support the sixty (60) day jail sentence and the three year community control sanctions imposed upon him for a fourth degree felony.[3] He further argues that the trial court erred when it found him to be amenable to community control sanctions and yet, sentenced him both to community control and a period of incarceration.[4] Lemaster, therefore, contends that the sentence imposed upon him should be vacated and remanded. The appellant's assertions, however, are without merit.
 {¶ 9} Lemaster specifically challenges the trial court's application of R.C. 2929.13(B), which sets forth the findings a court is required to make when imposing a sentence for a fourth degree felony. Essentially, R.C. 2929.13(B)(1) provides the framework a sentencing court is required to use in order to determine whether to impose a prison term or one or more community control sanctions in lieu of prison upon a fourth degree felony offender.
 {¶ 10} R.C. 2929.13(B)(1) states that the court must first determine whether one of the factors in division (B)(1)(a) through (i) of the section applies to the offender. Then, pursuant to R.C.2929.13(B)(2)(a), the court must apply the following analysis:
If the court makes a finding described in division [(B)(1)(a) through(i)] of this section and if the court, after considering the factors setforth in [R.C. 2929.12], finds that a prison term is consistent with thepurposes and principles of sentencing set forth in [R.C. 2929.11] andfinds that the offender is not amenable to an available community controlsanction, the court shall impose a prison term upon the offender.
Alternatively, if none of the factors in R.C. 2929.13(B)(1)(a) through (i) are present and if the court finds that a community control sanction[s] is consistent with the purposes and principles of sentencing, the court shall impose one or more community control sanctions on the offender. See R.C. 2929.13(B)(2)(b).
 {¶ 11} In the case sub judice, the trial court made all of the necessary findings, and those findings are supported by the record. The trial court found one of the factors of 2929.13(B)(1) to be present, i.e., Lemaster committed the offense while he was under a "court sanction" and a "community control sanction."[5] Next, at both the sentencing hearing and in its judgment entry, the trial court, pursuant to R.C. 2929.12, considered the seriousness and recidivism factors. Based on the record, including the presentence investigation, the trial court found the offense to be "less serious."[6] The trial court then found Lemaster's risk of recidivism to be likely. See R.C. 2929.12(D) and (E). The trial court found many of the recidivism factors to be present, including that the appellant was on probation at the time of the incident and that he had a significant record of prior criminal offenses.
 {¶ 12} Based upon the application of the above factors, the trial court determined that a prison term was not consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and found that Lemaster was amenable to community control sanctions. The trial court, as mandated by R.C. 2929.13(B), made the necessary findings to impose community control upon Lemaster and the record supports the determination of the trial court. Thus, the trial court did all that it was statutorily required to do.[7]
 {¶ 13} However, Lemaster asserts that the trial court, after it had found him to be amenable to community control, abused its discretion when it contravened the underlying purpose of R.C. 2929.13 by sentencing him to both community control and sixty (60) days jail time. As to this assertion, we find that the appellant has misconstrued the law.[8]
 {¶ 14} R.C. 2929.13(A) in pertinent part states that:
a court that imposes a sentence upon an offender for a felony mayimpose any sanction or combination of sanctions on the offender that areprovided in sections 2929.14 to 2929.18 of the Revised Code.[9]
 {¶ 15} The trial court has discretion to decide which community control sanction[s] to select as part of an offender's sentence. See. R.C. 2929.13(A) and 2929.15. R.C. 2929.16 and 2929.17 provide seventeen different nonprison sanctions that can be used to impair an offender's freedom, and R.C. 2929.18 provides four kinds of financial sanctions.[10]
One such sanction available to the court is listed in R.C. 2929.16(A)(2), which provides that a court may order a term of up to six months in jail as part of an offender's sentence. A "jail" sentence is part of a community control sentence and is not a "prison" sentence.[11] As such, the trial court did not act contrary to R.C. 2929.13(B) and did not, as Lemaster maintains, order him to serve a "dual sentence" by ordering him to serve sixty (60) days in jail as part of his community control. The trial court acted well within its discretion.
 {¶ 16} Accordingly, Lemaster's assignment of error is overruled.
 {¶ 17} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.
[1] See State v. Cahill, Shelby App. No. 17-01-19, 2002-Ohio-4459, ¶ 26; citing, State v. Alberty (Mar. 28, 2000), Allen App. No. 1-99-84. See, also, State v. Martin, 136 Ohio App.3d 355, 1999-Ohio-814.
[2] Id.; citing State v. Martin, 136 Ohio App.3d 355,1999-Ohio-814.
[3] Lemaster cites State v. Martin, 136 Ohio App.3d 355,1999-Ohio-814, for the general proposition of law that a trial court must make the necessary findings on the record and comply with the relevant statutory requirements when imposing a felony sentence.
[4] Although Lemaster had completed the sixty (60) day jail sentence prior to filing this appeal, he nevertheless challenges the judgment of the trial court. The State asserts in its brief that Lemaster's appeal of the (60) sixty day jail sentence is moot. Because the jail sentence was only one part of the three year community control sanctions, as discussed supra, imposed upon Lemaster, his appeal is not moot as to the community control sanctions as a whole. As such, we will review the sentence imposed upon him.
[5] This finding corresponds to R.C. 2929.13(B)(1)(h), which states that "[t]he offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance."
[6] See R.C. 2929.12(B) and (C). Lemaster contends that there was nothing in the record to support the trial court's finding under R.C.2929.12(B)(2) that "the victim suffered serious economic harm" as a result of the theft of the vehicle, which was later returned to the victim. Stealing a car, even if temporary in duration, does cause economic harm. However, even if the harm caused did not rise to the level of "serious economic harm," the finding by the court did not have an impact on the appellant because the court ultimately gave more weight to the offense being "less serious."
[7] Had the trial court imposed a prison sentence for a forth degree felony, it would have been required to state its reasons for doing so on the record. R.C. 2929.19(B)(2)(a) requires a trial court, when imposing "a prison term for a felony of the fourth or fifth degree[,]" to state "its reasons for imposing the prison term * * *." Because the trial court did not impose a "prison sentence" upon the appellant, discussed infra, R.C. 2929.19(B)(2)(a) is not applicable to the case at bar.
[8] See State v. Dunigan, Madison App. Nos. CA2001-11-025 and CA2001-11-026, 2002-Ohio-5885.
[9] Emphasis added.
[10] See, also, Griffin and Katz, Ohio Felony Sentencing Law (2002) at 441-442.
[11] State v. Williams, Montgomery App. No. 19026, 2002-Ohio-2908; See, also, State v. Dunigan, Madison App. Nos. CA2001-11-025 and CA2001-11-026, 2002-Ohio-5885, ¶ 22; citing, State v. Knight, Warren App. No. CA2001-12-111, 2002-Ohio-4129, ¶ 6, ("Appellants were sentenced to 15 days in jail, not to a prison term. `[A] jail sentence is not the equivalent of, or part of, a prison term.'").